UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 24-CV-21491-GAYLES

UNITED STATES FIRE INSURANCE
COMPANY,

    Plaintiff,

v.

THE ULTIMATE ELECTRICIAN CORP., et al.,

    Defendants.
_____/

**FINAL DEFAULT JUDGMENT**

**THIS CAUSE** came before the Court on Plaintiff's Motion for Default Final Judgment (the "Motion"). [ECF No. 22]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

On April 19, 2024, Plaintiff United States Fire Insurance Company ("Plaintiff") filed a Complaint alleging claims against The Ultimate Electrician Corp. ("TUE"), Jorge De La Noval ("Jorge"), Lar De La Noval ("Lar"), and Jorge De La Noval, Sr. ("Jorge Sr.") (collectively the "Defendants") for contractual indemnification (Count I) and against TUE for common law indemnification. [ECF No. 1].

According to the allegations in the Complaint, on July 9, 2021, Lematec Corporation ("Lematec"), as general contractor, and TUE, as subcontractor, entered into a contract to perform work on a project (the "Brightline Subcontract"). On November 5, 2021, Plaintiff, as surety, issued a Performance Bond (the "Brightline Performance Bond") and Payment Bond the ("the Brightline Payment Bond") on behalf of TUE, as principal, with Lematec, as obligee, in connection with the Brightline Subcontract. Lematec and TUE also entered into contract to perform work on a different

project (the "Embassair Subcontract"). On December 2, 2021, Plaintiff, as surety, issued a Performance Bond (the "Embassair Performance Bond") and a Payment Bond (the "Embassair Payment Bond") on behalf of TUE, as principal, with Lematec, as obligee, in connection with the Embassair Subcontract.

As a condition precedent to issuing the Brightline Bonds and the Embassair Bonds (the "Bonds"), Defendants, individually, jointly, and severally, executed a General Collateral and Indemnity Agreement dated November 3, 2021 (the "Indemnity Agreement"). Pursuant to Article 5 of the Indemnity Agreement, Defendants agreed to hold Plaintiff harmless from any losses and/or expenses incurred in connection with the Bonds.

Lematec later terminated TUE for both projects and made a demand on Plaintiff for performance under the Brightline and Embassair Performance Bonds. Plaintiff ultimately settled with Lematec for $165,000 under the Brightline Performance Bond and $735,000 under the Embassair Performance Bond. Plaintiff also issued payments several of TUE's subcontractors, suppliers, and materialmen under the Bonds.

On April 4, 2023, and March 12, 2024, Plaintiff made demands on Defendants for indemnification and collateralization under the Indemnity Agreement, but Defendants failed to respond or comply. As of March 12, 2024, Plaintiff has incurred losses and expenses under the Indemnity Agreement in investigating, addressing, and resolving the various claims against the Bonds in the amount of $1,993,572.94.

Despite proper service, Defendants failed to answer the Complaint or otherwise appear in this action. On May 24, 2024, upon Plaintiff's motion, the Clerk of Court entered defaults against Defendants. [ECF Nos. 19, 20]. Plaintiff timely moved for entry of final default judgment. [ECF No. 22].

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter final default judgment against a party who has failed to respond to a complaint. Before entering default judgment, a "district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC* v. *Alcocer,* 218 F. App'x 860, 863 (11th Cir. 2007). Upon review of Plaintiff's Motion and the record, the Court finds a sufficient basis to support Plaintiff's claims for contractual indemnification against Defendants and common law indemnification against TUE. In addition, the Court finds that Plaintiff has established entitlement to $1,993,572.94 in damages and $3,601.00 in attorney's fees.

Accordingly, it is

**ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion for Default Final, [ECF No. 22], is **GRANTED**.

2. Final Default Judgment is entered in favor of Plaintiff United States Fire Insurance Company and against Defendants The Ultimate Electrician Corp., Jorge De La Noval, Lar De La Noval, and Jorge De La Noval, Sr.

3. Plaintiff is entitled to recover from Defendants, jointly and severally, the sum of **$1,989,971.94** for which let execution issue.

4. The Court reserves jurisdiction over this matter.

**DONE AND ORDERED in Chambers at Miami, Florida, this Tuesday, October 18, 2022.**

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE